UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Western Division

TELISA CHANNELL HARKINS, )
    Plaintiff; )
)
-vs.- ) No. CV-97-P-49-W
)
KMART CORPORATION, et al., )
    Defendants. )
)
               Opinion

ENTERED
JAN 28 1997

Defendants' motion for summary judgment was considered by the court at its motion docket on December 5, 1997. For the reasons stated below, the court finds that defendants' motion is due to be GRANTED.

### Statement of Facts[1]

Plaintiff Telisa Harkins ("Harkins") commenced this lawsuit against Kmart Corporation ("Kmart") and several individual defendants in December 1996, alleging defendants' violation of the Americans with Disabilities Act ("ADA"). Harkins has also made breach of contract and intentional infliction of emotional distress claims under Alabama law.

Harkins worked as a retail associate at Kmart's Northport, Alabama location from March 1990 until she was terminated in December 1994. During her employment with Kmart, Harkins suffered severe migraine headaches that resulted in frequent absences from work. Harkins requested that Kmart transfer her from the evening shift to the day shift, presumably believing that the scheduling changed would reduce the frequency or severity of her headaches. During her

---

1. This recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiff.

employment at Kmart, Harkins received and read three employment handbooks, each of which stated that "either the employee or [Kmart] can terminate the relationship at will at any time with or without cause."

In 1993, Harkins was transferred from the pharmacy to check-out as a result of difficulties with absenteeism. Harkins's absentee problems continued, however, and in late 1994, Harkins was warned that her attendance record was unacceptable. On November 16, 1994, Harkins was placed on probation for thirty (30) days because of excessive absenteeism. On December 8, 1994, Kmart discharged Harkins for excessive absenteeism. No Kmart supervisor was ever rude to Harkins. Following her separation from Kmart, Harkins did not file a charge of employment discrimination with the EEOC.

Subsequently, Harkins filed this action in state court, alleging that Kmart failed to accommodate her headache disability by transferring her to the day shift, that Kmart breached its contract of employment with Harkins by failing to abide by its own policies and procedures, and that Harkins was subjected to intentionally inflicted emotional distress in connection with her termination. Defendants timely removed the action to this court on the basis of the federal question presented by Harkins's claim under the ADA.

## Analysis

### I. ADA Claim

The ADA adopts the "powers, remedies, and procedures" of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 12117. As in Title VII, the timely filing of a charge of discrimination with the EEOC is a necessary condition precedent to suit under the ADA. *See, e.g., Dao v. Auchan Hypermart*, 96 F.3d 787, 789 (5th Cir. 1996) ("[A]n employee must comply

with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA."); *Stewart v. County of Brown*, 86 F.3d 107, 110 (7th Cir. 1996) ("In order to recover for violations of Title 1 of the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged violation").

Harkins did not indicate in her complaint that she had filed a charge with the EEOC. Her subsequent deposition testimony confirmed that Harkins did not complain to the EEOC or to anyone else prior to filing this lawsuit. Based on Harkins's termination by Kmart on December 8, 1994, she had until approximately June 8, 1995, to file a charge with the EEOC. Accordingly, defendants' motion for summary judgment as to plaintiff's ADA claim is due to be GRANTED.[2]

## II. Breach of Contract Claim

As stated by the Alabama Supreme Court in *Howard v. Wolff Broadcasting Corp.*, 611 So. 2d 307, 311 (Ala. 1992), employees in Alabama "bear an heavy burden of proof to establish that an employment relationship is other than 'at will.'" Alabama employers are free to disclaim any contractual relationship arising from their employment handbooks. *Hoffmann-LaRoche, Inc. v. Campbell*, 512 So. 2d 725, 734 (Ala. 1987). An at-will employee can be discharged with or without cause, for a good reason, a wrong reason or no reason. *Id.* at 728.

Here, it is clear from the face of plaintiff's employment application and from the

---

[2]. Because defendants' motion on plaintiff's ADA claims will be granted on procedural grounds, the court will not address at length defendants' argument that plaintiff's ADA claims against the individual defendants--none of whom is an "employer" within the meaning of the ADA--are due to be dismissed. However, the court acknowledges that, as recognized by the 11th Circuit, a plaintiff may not pursue ADA claims against non-employer defendants. While the court declines to impose penalties under Federal Rule of Civil Procedure 11 upon plaintiff or her counsel at this time, the court strongly encourages plaintiff's counsel to review the provisions of Rule 11 and the conditions precedent to suit under federal employment discrimination law prior to filing further actions in this court.

provisions contained in the three Kmart employee handbooks received and read by Harkins that Harkins's employment with Kmart was at will. In each employee handbook, Kmart expressly disclaimed any contractual relationship arising from that handbook. In addition, although plaintiff's complaint alleged that Kmart failed to follow its own employment policies and procedures, Harkins was unable in deposition to identify any policy or procedure that Kmart failed to follow. Summary judgment in Kmart's favor is therefore due to be GRANTED as to plaintiff's breach of contract claim.

### III. Emotional Distress Claim

To prevail on an outrage claim in Alabama, a plaintiff must present substantial evidence that a defendant by "'extreme and outrageous conduct intentionally or recklessly' caused [her] to suffer 'severe emotional distress.'" *Smith v. Scott Paper Co.*, 620 So. 2d 976, 977 (Ala. 1993) (quoting *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). "'Extreme conduct' is defined as conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. The extreme conduct must result in emotional distress so severe that no reasonable person could be expected to endure it." *Smith*, 620 So. 2d at 977-78 (quoting *Gray v. Liberty Nat'l Life Ins. Co.*, 1993 WL 283888, at *3 (Ala. July 30, 1993)).

Although Harkins requested damages for intentional infliction of emotional distress in her complaint, she has failed to present any evidence of severe emotional distress or, indeed, any evidence of mistreatment or emotional abuse by Kmart personnel. Indeed, in deposition Harkins

admitted that none of the defendants was ever even rude to her. Because plaintiff's emotional distress claim is completely lacking in foundation, defendants' motion for summary judgment as to that claim is also due to be GRANTED.[3]

Dated:   1-27-98

*Sam C. Pointer*
Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. James P. Alexander
    Mr. Abdul K. Kallon
    Mr. James D. Smith

---

3. As with plaintiff's ADA claim, the court again refers plaintiff's counsel to the provisions of Federal Rule of Civil Procedure 11, in which counsel certifies that, to the best of counsel's "knowledge . . . formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). In this instance, plaintiff's own testimony established that no arguable basis for an outrage cause of action existed at the time counsel filed this lawsuit.